UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOEN BARQ, (true name Moen Yosef
Kamel Al Barq),

       Petitioner,                                  Civil No. 06-370-HA

CHARLES A. DANIELS, Warden,              OPINION AND ORDER
Federal Correctional Institution,
Sheridan, Oregon

       Respondent.

HAGGERTY, Chief Judge:

On March 16, 2006, petitioner filed a Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(4). Petitioner alleges his removal from his originally assigned class under the Bureau of Prisons' (BOP) Drug and Alcohol Treatment Program (DAP) and subsequent placement into another class that graduates on a later date violates

1 - OPINION AND ORDER

his constitutional rights. Petitioner also filed a Motion for Interim Relief [6], requesting an expedited hearing. The court held an evidentiary hearing on April 18, 2006, in which petitioner and Dr. Neil Solomon, the Drug Abuse Treatment Program Coordinator (DATC) at Sheridan, testified. For the following reasons, the court finds that the agency action taken by the BOP against petitioner was arbitrary and capricious and an abuse of discretion. Accordingly, the Petition is granted and plaintiff's Motion for Interim Relief is denied as moot.

## BACKGROUND

Petitioner is incarcerated at FCI Sheridan. He is serving a sixty-three month sentence that was imposed on March 17, 2004. On March 9, 2005, petitioner was found eligible for the DAP program. On August 1, 2005, he began the first phase of the DAP program in a class that is scheduled to graduate on May 1, 2006. That graduation date would give petitioner a scheduled release date of approximately November 1, 2006, with a transfer to a halfway house occurring on May 1, 2006.

There are four DAP counselors at Sheridan who conduct DAP classes. The DAP classes run for thirty-six weeks, and the counselors are given discretion to establish their class schedules. The class attended by petitioner conducted five sessions per week. The remaining three classes conducted no more than four sessions per week.

Petitioner was placed in the Special Housing Unit (SHU) on December 27, 2005 following allegations by a fellow inmate that he was involved in inappropriate behavior. The BOP determined the allegations against him were false, but informed him he was to remain in SHU until another

investigation in an unrelated matter was completed. It is undisputed that petitioner did not commit any prohibited acts. Notwithstanding this, he remained in SHU until February 1, 2006.

Petitioner was later informed that the BOP had been investigating the conduct of petitioner's DAP counselor. The BOP also found no inappropriate behavior on the part of the DAP counselor.

Petitioner's placement into SHU occurred after he attended five months of classes, or approximately ninety-five sessions. While in SHU, he missed twenty-three sessions. Petitioner expressed concern repeatedly while being held in SHU about his absences from DAP sessions. He met with the warden, the prison investigators, and his DAP counselor to convey his distress about the possibility of losing his DAP eligibility.

Upon petitioner's release from SHU, his DAP file was reviewed. Petitioner requested repeatedly that he be allowed to rejoin his original class and offered to attend individual sessions, do additional homework, or attend multiple classes to make up the lost sessions. His requests were denied. He was removed from his original DAP class and placed in another DAP class. The new class to which petitioner has been assigned has a graduation date of June 26, 2006, as compared to the May 1, 2006 graduation date of his first class. With the delay in his DAP class schedule, petitioner now has a scheduled release date of approximately December 28, 2006, as compared to his original release date of November 1, 2006.

Petitioner filed a request for administrative relief from the Warden and the Regional Director, both of which were denied. He then filed a petition with this court, while simultaneously submitting a request for relief to the National Office. Petitioner has not received a response to his request for administrative relief from the National Office.

## STANDARDS

Under the Administrative Procedures Act (APA), agency actions, findings and conclusions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  18 U.S.C. § 706(2)(a); *see also Pac. Coast Fed'n of Fisherman's Ass'ns. v. United States Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th Cir. 2005).  The scope of review is narrow, but the agency is required to articulate a rational connection between the facts found and the conclusions reached.  *Midwater Trawlers Co-op v. Envtl. Def. Ctr.*, 282 F.3d 710, 716 (9th Cir. 2002).

Actions based on internal agency guidelines are entitled to some deference, but are not entitled to the degree of deference given to published agency regulations.  *Grassi v. Hood*, 251 F.3d 1218, 1220 (9th Cir. 2001); *see also Edward v. United States*, 41 F.3d 154, 156 (3rd Cir. 1994) (BOP decision based on an internal guideline entitled to "a minimal degree of deference").

## ANALYSIS

Respondent argues that review before this court is improper because petitioner has failed to exhaust his administrative remedies.  Petitioner filed all necessary administrative requests for relief, but his request to the National Office is still pending.  Exhaustion of remedies is not a jurisdictional requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241.  *Hicks v. Hood*, 203 F.Supp.2d 379, 382 (D. Or. 2002) (the exhaustion requirement of the Prison Litigation Reform Act does not expressly apply to habeas petitions filed pursuant to 28 U.S.C. § 2241).  Petitioner has done everything within in his power to pursue administrative remedies and expedite the review process.  Moreover, petitioner has demonstrated irreparable harm if he is forced to seek an administrative

remedy because his originally scheduled graduation date from the DAP program is May 1, 2006 and any further delay will prevent him from obtaining a remedy.

Petitioner's placement in SHU and the resulting absences from his DAP classes were not caused by any action or fault on his part. It is undisputed that petitioner has committed no prohibited acts and is not subject to removal from the DAP program pursuant to any of the criteria outlined in the DAP program statement.

Sheridan has a practice of expelling participants from the DAP program who miss greater than fifteen consecutive sessions. This exact practice is not at issue in this case, since petitioner was not expelled. However, respondent based its decision to remove petitioner from his original DAP class on this practice.

Any practices at Sheridan relating to the repercussions of missing more than fifteen consecutive sessions is not an agency rule or regulation, but are unwritten, internal practices of Sheridan's RDAC. Accordingly, such practices are not entitled to great deference. *Grassi*, 251 F.3d at 1220; *Edwards*, 41 F.3d at 156.

The class in which petitioner was originally enrolled meets five times a week. Over the course of the thirty-six week program, the class will have met 180 times, minus any sessions cancelled due to prison administration needs, and any vacation or illness of the counselor. Doctor Solomon testified that the other three classes meet only four times a week, resulting in a total of 144 classes. Accordingly, petitioner was scheduled to attend approximately thirty-six more sessions than members of the other three classes, assuming the administrative and personal cancellations would remain consistent among all four classes.

5 - OPINION AND ORDER

The rationale for prohibiting petitioner from rejoining his class was that he missed twenty-three sessions. However, even with loss of twenty-three sessions, he would still have attended approximately thirteen more sessions than members of the other three classes if he had been allowed to complete his original class.

Doctor Solomon testified that recently at least two inmates enrolled in the other DAP classes were placed in the SHU for approximately one month. Because their counselors conduct sessions fewer times per week than petitioner's counselor, they did not miss greater than fifteen sessions and Dr. Solomon testified that they were allowed to return to their original DAP class. At the time of graduation from the program, those inmates will have attended significantly fewer classes than petitioner would have attended had he been allowed to return to his original class.

Congress expects the BOP to make eligibility determinations for DAP based on criteria to be uniformly applied. *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir. 1999) (citation omitted) (aff'd *Lopez v. Davis*, 531 U.S. 230 (2001)). Under the circumstances occurring here, however, inmates who spend identical time periods away from DAP programs would be treated differently (some allowed to return to their programs, some forced to join other classes) based solely upon the number of weekly sessions offered in their respective classes.

Respondent has the burden of articulating a rational connection between the facts found and its decision to remove plaintiff from his original DAP class. *Midwater Trawlers*, 282 F.3d at 716. In the denial of petitioner's request for administrative review to the Regional Office, the Regional Director stated that petitioner "had only a few weeks into the treatment program" before he was placed in SHU, and the BOP deemed it "more clinically appropriate" to place him in a different

class.  Resp.'s Answer, Ex. 2, at 3.  This reasoning arose from factual error.  Petitioner had attended classes for approximately twenty weeks.  Doctor Solomon testified that twenty weeks does not constitute "a few" and that this statement was clearly erroneous.  Accordingly, this denial by respondent fails to articulate a rational connection between the facts and respondent's conclusion that petitioner is better served by being reassigned.

At the evidentiary hearing, Dr. Solomon also testified that the most important aspect of the treatment of drug and alcohol dependency is the bonding, trust, and rapport that develops between the participants and the counselor in the group sessions.  This allows for a cohesive group in which members can fully engage in treatment.  Despite this fact, Dr. Solomon removed petitioner from the group with which he had bonded significantly during five months and instead placed him in a different group.  There is no evidence that forcing petitioner into a pre-existing cohesive unit could result in the bonding to which Dr. Solomon testified.

Petitioner fails to meet its burden of articulating a rational connection between the facts of petitioner's unique situation and the conclusion reached by the agency to remove him from his original class.  *Midwater Trawlers*, 282 F.3d at 716.  Moreover, as previously stated, petitioner has committed no prohibited acts, and while in SHU did everything he could to facilitate a return to his DAP program, including meeting with the warden.  Had petitioner been permitted to rejoin his class, as of graduation he would have completed more sessions than seventy-five percent of the other DAP participants.  Under these unique circumstances, it is arbitrary and capricious and an abuse of discretion for respondent to rely exclusively on the number of sessions the BOP forced petitioner to miss in deciding to remove him from his original class.

7 -   OPINION AND ORDER

**CONCLUSION**

After carefully reviewing the briefs, record, and testimony presented at the evidentiary hearing, this court concludes that the agency action removing petitioner from his original DAP class was arbitrary and capricious and an abuse of discretion. Accordingly, petitioner's petition [1] is GRANTED and the decision of the agency is reversed. Petitioner shall be returned to his original DAP class. Respondent may, at its discretion, require petitioner to complete a reasonable number of additional sessions or assignments prior to his graduation date of May 1, 2006. Petitioner's Motion for Interim Relief [6] is denied as moot.

IT IS SO ORDERED.

DATED this __19__ day of April, 2006.

_/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge

8  -  OPINION AND ORDER